IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
------------------------------------------------------X
                                                      :
ANTHONY CRAIG, M.D., PhD.                             :    3:10 CV 1600 (JBA)
                                                      :
                                                      :
V.                                                    :
                                                      :
YALE UNIVERSITY SCHOOL OF MEDICINE                    :    DATE: MAY 4, 2012
ET AL.                                                :
------------------------------------------------------X
```

RULING ON PLAINTIFF'S MOTION TO COMPEL

On October 12, 2010, plaintiff, an African-American male, filed this lawsuit against defendants regarding the termination of his residency in their Obstetrics & Gynecology program (Dkt. #1), followed by an Amended Complaint filed on February 22, 2011. (Dkt. #33). The Amended Complaint raised seven counts: violation of Title VII on the basis of race and color (Count One); violation of 42 U.S.C. § 1981 (Count Two); violation of Title VII on the basis of gender (Count Three); wrongful discharge (Count Four); breach of contract (Count Five); tortious interference with business relations (Count Six); and intentional infliction of emotional distress (Count Seven). On March 3-4, 2011, defendants filed Motions to Dismiss with respect to Counts Three, Four, Six, and Seven. (Dkts. ##36-37). On December 22, 2011, U.S. District Judge Janet Bond Arterton filed her Ruling on Defendants' Motions to Dismiss (Dkt. #46), in which she granted defendants' motions with respect to Counts Three, Four and Six, 2011 WL 6748515, at *2-3 & n.1 (D. Conn. Dec. 22, 2011), but denied with respect to Count Seven, id. at *3-6. Defendants filed their answers and affirmative defenses on January 17-18, 2012. (Dkts. ##48-49).

According to the latest scheduling orders, all outstanding discovery related to this motion is to be completed by May 10, 2012, and all dispositive motions are to be filed by

May 11, 2012.  (Dkt. #70; 4/10/12 electronic endorsement; see also Dkts. ##61, 66-71).

On March 26, 2012, plaintiff filed the pending Motion to Compel (Dkt. #53),[1] which was referred to this Magistrate Judge two days later.  (Dkt. #54).  At the request of the Court and by agreement of counsel (see Dkt. #68), on April 12, 2012, plaintiff's counsel delivered to this Magistrate Judge's Chambers and to defense counsel, a copy of the entire deposition transcript of Patricia Johnson, taken on March 20, 2012 ["Johnson Depo."].  On April 20, 2012, defendants filed their brief in opposition to plaintiff's motion (Dkt. #73),[2] and plaintiff filed his reply brief on May 3, 2012.  (Dkt. #74).[3]

For the reasons stated below, plaintiff's Motion to Compel (Dkt. #53) is granted in limited part.

## I.  DISCUSSION

In this motion, plaintiff seeks the names and personnel files of all residents for the OB/GYN Residency Program who were required to withdraw "or otherwise subjected to discipline and/or Performance Improvement Plans," over the past ten years.  (Dkt. #53, at 1).  Plaintiff seeks evidence of similarly situated residents within the OB/GYN Residency Program, as he alleges that there was "a pattern and practice of discrimination" within this program, "as evidenced by the alarmingly high termination rate of African-American male residents over the past ten years which were at least two-thirds of those admitted."  (Dkt. #53, Brief, at 4)(emphasis omitted).  The Resident List, 1999-2009, reflects that there were

---

[1]Two exhibits were attached: excerpts from the deposition of defendant Dr. Julia Shaw, taken on December 16, 2011 ["Shaw Depo."](Exh. A), and two-page Resident List, 1999-2009, with handwritten notations (Exh. B).

[2]Attached is another copy of the two-page Resident List, 1999-2009, with handwritten notations (Exh. A).

[3]Attached are the same excepts from the Shaw Deposition (Exh. A).

two white female residents who resigned (both from the 2002-06 group of residents), an African-American male who resigned (from the 2004-08 group), and plaintiff, who was dismissed. (Dkt. #53. Exh. B; Dkt. #73, Exh. A; see also Dkt. #53, Exh. A; Dkt. #74, Exh. A). Defendants argue that disclosure of these records is precluded by the Family Education Rights and Privacy Act of 1974, 20 U.S.C. § 1232g ["FERPA"] (Dkt. #73, at 4-5) and by CONN. GEN. STAT. § 31-128f, regarding confidential employment records (Dkt. #73, at 5-6). Defendants further argue that plaintiff's request is unduly burdensome, especially since defendant Dr. Norwitz became Director of the Residency Program in 2007, followed by defendant Dr. Shaw three years later. (Id. at 6-8). In addition, defendants assert that they only maintain a list of residents who have not completed the program, but not those who have been the subject of "discipline" or a "Performance Improvement Plan"; plaintiff's request would require defendants to "go through every piece of paper in every personnel file for every individual enrolled in the Program over the last ten years." (Id. at 8).

In his reply brief, plaintiff responds that these documents are discoverable pursuant to a court order under both FERPA and CONN. GEN. STAT. § 31-128f. (Dkt. #74, at 2-4). Plaintiff also has referred to the deposition of Patricia Johnson (id. at 5-6), defendants' Residency Program Coordinator, who had remarkable recall of past residents, including plaintiff. (Johnson Depo. at 5-15, 27-31, 34-41, 44-46, 50-88). During her deposition, Johnson indicated that in addition to plaintiff, there had been three OB/GYN residents who had been placed on probation – a female African-American who graduated from the program, and a male African-American and a female non-minority, both of whom did not graduate from the program. (Id. at 46-50).

In light of the Resident List, 1999-2009, and Johnson's unambiguous testimony, the

only relevant files for plaintiff's review are the two white females and one African-American male identified on the Resident List, as well as the African-American female, African-American male, and non-minority female identified by Johnson during her deposition, as these OB/GYN residents appear to be the only ones who either did not graduate from the program or were subject to a Performance Improvement Plan.

Disclosure of school records and of personnel records are permitted in compliance with a "judicial order" under 20 U.S.C. § 1232g(b)(2)(B) and Conn. Gen. Stat. § 31-128f; FERPA further requires that the "students are notified of all such [judicial] orders . . . in advance of the compliance therewith by the educational institution. . . ." See, e.g., Ragusa v. Malverne Union Free School Dist., 549 F. Supp. 2d 288, 291-95 (E.D.N.Y. 2008). Consistent with § 1232g(b)(2)(B), the disclosure of these files shall be governed by an appropriate protective order agreed to by the parties to the extent they seek protection beyond that afforded by the Standing Protective Order, filed October 12, 2010 (Dkt. #5), as well as prior notice to these former residents. See, e.g., Whittaker v. Morgan State Univ., No. JKB-09-3135, 2011 WL 6211792, at *2 (D. Md. Dec. 13, 2011); Blunt v. Lower Merion Sch. Dist., No. 07-3100, 2009 WL 1259100, at *1-3 (E.D. Pa. May 7, 2009); see also Whittaker v. Morgan State Univ., No. JKB-09-3135, 2012 WL 336162, at *1-2 (D. Md. Feb. 1, 2012).

Because time is clearly of the essence, **on or before May 8, 2012**, defendants shall notify the former residents mentioned above regarding this court order, and **on or before May 10, 2012,** defendants shall provide to plaintiff's counsel a copy of the files of these former residents.

## II.  CONCLUSION

Accordingly, for the reasons stated above, plaintiff's Motion to Compel (Dkt. #53) is granted to the limited extent set forth above.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; Fed. R. Civ. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen days after service of same);**  Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 2008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 4th day of May, 2012.

      /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge